**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHANNA MILLIKIN,

       Plaintiff,

vs.                                                                    Case No.  3:24-cv-139-MMH-JBT

THE TJX COMPANIES, INC.
d/b/a T.J. MAXX,

       Defendant.

                                        /

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Upon review of the Notice

of Removal (Doc. 1; Notice), the Court finds that Defendant The TJX

Companies, Inc. d/b/a T.J. Maxx has failed to properly redact Exhibit B as

required by the Federal Rules of Civil Procedure (Rule(s)) and the

Administrative Procedures for Electronic Filing in this Court (CM/ECF Admin.

P.).  Pursuant to Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing
> with the court that contains an individual's ! social-security
> number, taxpayer-identification number, or birth date, the name
> of an individual known to be a minor, or a financial-account
> number, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and
> > taxpayer-identification number;
> >
> > (2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number.

<u>See</u> Rule 5.2(a); <u>see</u> <u>also</u> CM/ECF Admin. P., Part I.  Here, Exhibit B includes Plaintiff's full birth date throughout the filing in direct violation of this Rule. <u>See</u> Exhibit B at 1, 9-10, 12, 17.

Significantly, this Court's Administrative Procedures make clear that the obligation to properly redact personal identifiers falls entirely on the filing party.  <u>See</u> CM/ECF Admin. P., Part I, ¶ 1 ("It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing any documents with the court.").  Indeed, the Court's Administrative Procedures impose on the filing party the responsibility to verify "that appropriate and effective methods of redaction have been used." <u>Id.</u>  Consequently, the Court will strike Exhibit B and direct Defendant to file a properly redacted version of this exhibit.  The Court will also direct defense counsel to review Rule 5.2 and Part I of the Court's Administrative Procedures and file a notice on the Court docket certifying that:

1) Counsel has read the relevant rules; and

2) Counsel has ensured that "appropriate and effective methods of redaction" will be used for all future filings.

While the Court recognizes that redaction errors are generally inadvertent,  these errors are not without harm and greater care must be taken

to protect personal identifying information <u>before</u> it is filed on the docket. Indeed, in the Court's experience, once a document is filed on the public docket it is almost immediately picked up by legal research services where it may remain available to the public indefinitely.  As such, counsel is cautioned that failure to comply with the redaction rules going forward may warrant sanctions. Accordingly, it is

 **ORDERED**:

1. Exhibit B (Doc. 1-2) is **STRICKEN**, and the Clerk of the Court is directed to **remove** this document from the Court docket.

2. On or before **February 22, 2024**, defense counsel shall file a notice on the Court docket certifying that: 1) counsel has read Rule 5.2 and Part I of the CM/ECF Administrative Procedures, and 2) counsel has ensured that "appropriate and effective methods of redaction" will be used before all future filings.

3.  Defendant shall have up to and including **February 22, 2024**, to file

a properly redacted copy of this exhibit.[1]

**DONE AND ORDERED** in Jacksonville, Florida, on February 9, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] If Plaintiff does not intend to challenge the removal of this action, then refiling the billing records is unnecessary and in lieu of refiling, Defendant can note this understanding in the notice.